# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DEMETRE GOLDEN (#B-54935) ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 07 C 3304 |
| ) | |
| SUPERINTENDENT McGUIRE, ) | Charles R. Norgle |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

The plaintiff, currently a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that officials at the Cook County Jail violated the plaintiff's constitutional rights by acting with deliberate indifference to his safety, permitting or even facilitating an attack by fellow detainees. This matter is before the court for ruling on the defendant's motion for summary judgment. For the reasons stated in this order, the uncontested motion is granted.

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Vision Church v. Village of Long Grove*, 468 F.3d 975, 988 (7th Cir. 2006). In determining whether factual issues exist, the court must view all the evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Walker v. Northeast Regional Commuter Railroad Corp.*, 225 F.3d 895, 897 (7th Cir. 2000). However, Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

## FACTS

The defendant filed a statement of uncontested material facts pursuant to Local Rule 56.1(a)(3) (N.D. Ill.). Together with his summary judgment motion, the defendant served on the plaintiff the mandatory notice under Local Rule 56.2, explaining the requirements of the Local Rules and warning the plaintiff that his failure to respond with appropriate evidentiary support could result in entry of judgment against him. (Document no. 51, Notice to Pro Se Litigant.) Notwithstanding the admonition—and despite being granted an extension of time in which to file an opposing brief—the plaintiff has neither filed a response to the defendant's motion for summary judgment nor submitted a statement of contested facts providing his own account. The plaintiff's failure to controvert the facts set forth in the defendant's motion for summary judgment renders those facts being deemed admitted. See, e.g., Smith v. Lamz, 321 F.3d 680, 683 (7th Cir. 2003).

The court therefore finds that the following facts, as set forth by the defendant in his uncontested statement of facts and supported by citations to the record, are undisputed:

The plaintiff was a pretrial detainee at the Cook County Jail at the time of the events giving rise to this lawsuit. The defendant was the superintendent of the plaintiff's cellhouse.

The plaintiff is a former member of the Peace Stones gang. The plaintiff is 6' 4" tall and weighs approximately 300 pounds.

Beginning around August 2004, the plaintiff began experiencing "problems" with fellow detainees who belonged to the Vice Lords gang. Gang members intimidated the plaintiff in various ways, verbally harassing him and sometimes asking him for commissary items. On one occasion, during a basketball game, someone elbowed the plaintiff, making him trip over another inmate. During another basketball game, a fellow prisoner pretended that he was reaching for the ball and smacked the plaintiff in the face. However, the plaintiff did not require any medical

treatment following either incident on the basketball court. The plaintiff was never actually threatened or physically attacked prior to August 2005.

In mid-July 2005, the plaintiff refused to lock up in his cell. Defendant McGuire and other officers went to the plaintiff's tier to discuss the matter with him. The plaintiff told the officers that he was having "food problems" with some of the detainees, but he did not make mention of the incidents on the basketball court, did not tell them about any "verbal intimidation," and could not say that he had been physically threatened. The plaintiff did not request placement in protective custody. The plaintiff ultimately agreed to return to his cell, and nothing amiss happened over the next two weeks or so.

On August 2, 2005, a detainee named Octavius banged on the plaintiff's cell. Octavius cursed at the plaintiff and they spat at each other through the window. Suddenly, the plaintiff heard the door latch "pop" and four inmates somehow opened the door to his cell. Octavius and the other inmates attacked the plaintiff, stabbing him repeatedly.

Defendant McGuire had no personal or secondhand knowledge of a specific threat to the plaintiff's safety prior to the August attack and never refused him protection. The plaintiff never made any oral or written requests for protection prior to the assault. There is a form for inmates to request placement in the protective custody unit.

## DISCUSSION

No material facts are in dispute, and the defendant has established that he is entitled to judgment as a matter of law. Even viewing the record in the light most favorable to the plaintiff, no reasonable person could conclude that the defendant acted with a substantial risk of serious harm to the plaintiff.

The Constitution "imposes upon prison officials the duty to take reasonable measures to guarantee the safety of the inmates." *Brown v. Budz*, 398 F.3d 904, 909 (7th Cir. 2005), *citing*

-3-

*Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (internal citations omitted). The obligation to protect encompasses a duty "to protect prisoners from violence at the hands of other prisoners." *Brown*, 398 F.3d at 909; *Farmer*, 511 U.S. at 834. To establish a Fourteenth Amendment claim that correctional officials acted with deliberate indifference to his safety, the plaintiff must show that: (1) he was "incarcerated under conditions posing a substantial risk of serious harm," and (2) defendant-officials acted with "deliberate indifference" to that risk. *Id.* These are questions for a jury, unless no reasonable juror could conclude that the defendants recognized a substantial risk to the plaintiff. *See, e.g., Abney v. Monahan*, 458 F. Supp. 2d 614, 620 (N.D. Ill. 2006) (Bucklo, J.), *citing Riccardo v. Rausch*, 375 F.3d 521, 526 (7th Cir. 2004).

## A. Objective Prong

The first prong of a failure to protect claim–considered the objective prong–requires a plaintiff to show that "he is incarcerated under conditions posing a substantial risk of serious harm." *Brown*, 398 F.3d at 911. To satisfy this prong, a plaintiff must demonstrate not only that he or she experienced, or was exposed to, a serious harm, but also that there was a substantial risk beforehand that serious harm might actually occur. *Id.* "When [Seventh Circuit] cases speak of a 'substantial risk' that makes a failure to take steps against it actionable under the Eighth or Fourteenth Amendment, they also have in mind risks attributable to detainees with known 'propensities' of violence toward a particular individual or class of individuals; to 'highly probable' attacks; and to particular detainees who pose a 'heightened risk of assault to the plaintiff.' " *Brown*, 398 F.3d at 911. This general definition of "substantial risk" includes, of course, "risks so great that they are almost certain to materialize if nothing is done." *Id.*

In the case at bar, the plaintiff has failed to establish the existence of an objective, substantial risk. In the year leading up to the attack, the plaintiff's troubles with Vice Lords included being called names by others, extra physical contact during two basketball games, and

-4-

requests for food and drink items from fellow prisoners who may or may not have been Vice Lords. At 6' 2" and 300 pounds, the plaintiff was not an obviously vulnerable target, and the incidents he describes do not demonstrate a pervasive risk of harm. The plaintiff describes, at most, a generalized, subjective fear of being assaulted, and not a specific risk of serious harm.

The mere presence of shady characters in the plaintiff's environs is not, alone, enough to create an objectively serious risk of harm. Regrettably, "[p]risoners are dangerous (that's why many are confined in the first place). . . . Some level of brutality and sexual aggression among them is inevitable no matter what the guards do." *Birch v. Jones*, No. 02 C 2094, 2003 WL 21210107, *3 (N.D. Ill. May 21,2003) (Bucklo, J.), quoting *McGill v. Duckworth*, 944 F.2d 344, 348 (7th Cir. 1991). "[A]n unfortunate random act of violence in a prison . . . does not impose liability on prison officials." *Washington v. LaPorte County Sheriff's Department*, 306 F.3d 515, 519 (7th Cir. 2002).

## B. Subjective Prong

Regardless, even assuming (without finding) that the plaintiff faced an objectively significant risk of harm, he cannot attribute knowledge of that risk to defendant McGuire.

In order to satisfy the subjective prong, a plaintiff must show that the defendant acted with deliberate indifference to the substantial risk of serious harm. *Farmer*, 511 U.S. at 838; *Brown*, 398 F.3d at 913. The defendant "must both be aware of the facts from which an inference could be drawn that a substantial risk of harm exists, and he must also draw that inference." *Farmer*, 511 U.S. at 838; *Brown*, 398 F.3d at 913; *Riccardo*, 375 F.3d at 525. The subjective prong has two subparts: (a) knowledge of the risk, *Brown* at 913, and (b) a disregard of that risk. *Id.* at 916. Although this is a subjective test, it may be proven through circumstantial evidence. *Farmer*, 511 U.S. at 842 ("Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from

-5-

circumstantial evidence, and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.") (internal citation omitted). The relevant inquiry is whether correctional officials actually knew about the danger that the plaintiff faced, not whether a reasonable official should have known. *Qian v. Kautz*, 168 F.3d 949, 955 (7th Cir. 1999).

Again, even taking the facts in the light most favorable to the plaintiff, the record does not support an inference that the defendant acted with deliberate indifference to a substantial risk of known harm. It is undisputed that the plaintiff never expressed any specific concerns for his safety. In *Butera v. Cottey*, 285 F.3d 601 (7th Cir. 2002), an inmate's statements that he was "having problems on the block" and "I needed to be []moved" were held to be insufficient to give notice of a specific threat. 285 F.3d at 606. Even a more dire, but equally generalized, statement that a prisoner "was afraid for his life" was found to be insufficient to alert correctional officers to a specific threat. *See Klebanowski v. Sheahan*, 540 F.3d 633, 639 (7th Cir. 2008). Similarly, actual knowledge cannot be imputed to a prison official if the plaintiff himself was unaware of a specific threat. *Guzman v. Sheahan*, 495 F.3d 852, 857-58 (7th Cir. 2007). Under the facts of this case, no trier of fact could conclude that the defendant exposed the plaintiff to an unreasonable risk of harm by failing to separate him from unnamed aggressors who had never specifically threatened to harm him. The plaintiff has not made a triable showing that the defendant acted with deliberate indifference to a substantial risk of serious harm.

### C. Control Room Officers

Although the plaintiff suspects that officers in the control room may have electronically opened the door for his assailants, he never amended his complaint to name them as defendants and it is now too late to do so. In its Minute Order of June 28, 2007, granting the plaintiff leave to proceed on his claims, the court warned:

The plaintiff is advised that there is a two-year statute of limitations for Section 1983 actions filed in Illinois. See 735 ILCS § 5/13-202; *Henderson v. Bolanda*, 253 F.3d 928, 931 (7th Cir. 2001), citing *Ashafa v. City of Chicago*, 146 F.3d 459, 462 (7th Cir. 1998). Therefore, he should conduct discovery as soon as possible after defense counsel has entered an appearance in order to ascertain the identities of the control room officers.

Because this case involves events that took place in August 2005, over three and a half years ago, the statute of limitations has extinguished any claim the plaintiff may have had against the control room officers.

The plaintiff cannot avail himself of Rule 15(c)'s provisions allowing for "relation back" to the original complaint. In this circuit, a plaintiff cannot invoke the relation back principles of Rule 15(c) to replace John Doe defendants with named defendants after the statute of limitations has expired. See *Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993); see also *Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cir. 1980). Consequently, as this order resolves the plaintiff's claims against the only named defendant, the case must be dismissed in its entirety.

## CONCLUSION

For the foregoing reasons, the defendant's uncontested motion for summary judgment [#48] is granted. The Clerk is directed to enter judgment in favor of defendant McGuire pursuant to Fed. R. Civ. P. 56. The case is terminated.

Enter: _____

CHARLES R. NORGLE
United States District Judge

Date: 4-8-09